

# Fourth Court of Appeals
## San Antonio, Texas

April 7, 2015

No. 04-15-00196-CR

Michael S. **EISENHAUER**,
Appellant

v.

**THE STATE OF TEXAS,**
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2013CR6130
Honorable Maria Teresa Herr, Judge Presiding

## O R D E R

Michael S. Eisenhauer entered into a plea bargain with the State, pursuant to which he pleaded guilty to a second offense of assault–family violence. The trial court imposed sentence in accordance with the agreement on April 4, 2014, and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). A notice of appeal was due July 3, 2014, or the notice and a motion for extension of time to file, were due July 18, 2014. TEX. R. APP. P. 26.2(a)(1), 26.3. Eisenhauer did not file his notice of appeal until March 24, 2015.

The clerk's record also includes the trial court's Rule 25.2(a)(2) certification and the written plea bargain agreement. *See* TEX. R. APP. P. 25.2(d). This court must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* The record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See* TEX. R. APP. P. 25.2(a)(2). The record also appears to support the trial court's certification that Eisenhauer does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding that court of appeals should review clerk's record to determine whether trial court's certification is accurate).

Eisenhauer is given notice that this appeal will be dismissed unless, by **April 17, 2015**, (1) he files a response establishing that the notice of appeal was timely filed by mail **and** (2) an amended certification showing that he has the right to appeal is made part of the appellate record. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (holding that timely notice of appeal is necessary to invoke court of appeals' jurisdiction); TEX. R. APP. P. 25.2(d); 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order), disp. on merits, No. 04-03-00176-CR, 2003 WL 21508347 (July 2, 2003, pet. ref'd) (not designated for publication).

If a supplemental clerk's record is required to show the appeal is timely, Eisenhauer must request a supplemental record from the trial court clerk and file a copy of the request with this court. If appellant fails to satisfactorily respond to this order within the time provided, the appeal will be dismissed.

We **order** all appellate deadlines suspended until further order of the court. We further **order** the clerk of this court to serve copies of this order on the attorneys of record and the court reporter.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 7th day of April, 2015.

_____
Keith E. Hottle
Clerk of Court